**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 14 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 9 2007

at 3 o'clock and 15 min. P M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10416 |
| Plaintiff - Appellee, | D.C. No. CR-03-00555-HG |
| v. | |
| SUGALU GALU, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted November 14, 2006**
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

Sugalu Galu appeals from the district court's denial of his motion to suppress evidence after entering a conditional guilty plea to (1) possession with intent to distribute in excess of five grams of methamphetamine, in violation of 21

---

   *   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   **  This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 841(a)(1), and (2) carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Galu argues that police lacked reasonable suspicion to believe that he was armed and presently dangerous, and thus that their patdown of his fanny pack was unreasonable and a violation of his Fourth Amendment rights. However, "a reasonably prudent man in the circumstances would [have been] warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio*, 392 U.S. 1, 27 (1968). Moreover, given the illicit and private nature of the premises, a gambling establishment, Galu's case is distinguishable from that of *Ybarra v. Illinois*, 444 U.S. 85 (1979).

Second, Galu argues that the officers were not entitled to conduct a protective sweep of the premises. Because Galu waived his right to appeal this issue, we do not reach the merits of this argument. *United States v. Bynum*, 362 F.3d 574, 583 (9th Cir. 2004).

Third, Galu suggests that he was in custody when asked about the contents of his fanny pack and that he was entitled to be informed of his rights under *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). The steps taken by police were reasonable under the totality of the circumstances and did not convert the stop into

an arrest. *See United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001); *United States v. $109,179 in U.S. Currency*, 228 F.3d 1080, 1084-85 (9th Cir. 2000); *Washington v. Lambert*, 98 F.3d 1181, 1186-90 (9th Cir. 1996).

Fourth, Galu argues there was not a sufficient factual basis for his guilty plea to the charge of carrying a firearm during and in relation to a drug trafficking crime. However, Galu answered affirmatively during his plea colloquy to the district court's question of whether he carried the gun for his protection "in connection with" the methamphetamine. This admission proved that Galu carried the gun and that the gun "facilitate[d], or ha[d] the potential of facilitating, the drug trafficking offense." *Smith v. United States*, 508 U.S. 223, 238 (1993) (internal quotation marks omitted).

**AFFIRMED.**

3

A TRUE COPY
ATTEST 1/5/07
CATHY A. CATTERSON
Clerk of Court
by
Deputy Clerk